**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

FILED

JAMES J. VILT, JR. - CLERK

APR 29 2024

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

JOHN DOE,

    Plaintiff,

      v.

JOHN BURLEW,
*in his official capacity*

    Defendant.

No. <u>4:24-CV-45-GNS</u>
—

## VERIFIED CLASS COMPLAINT

Plaintiff John Doe, through undersigned counsel, brings this action against Defendant John Burlew, in his official capacity, and alleges as follows:

### NATURE OF THE CASE

1. This is case is brought pursuant to 42 U.S.C. § 1983 and challenges the constitutionality of a newly-enacted state law, 24 RS SB 249 ("the Statute," attached hereto incorporated by reference) on First Amendment grounds.

### JURISDICTION AND VENUE

2. Jurisdiction for Plaintiff's claims are based on 28 U.S.C. §§1331, 1343(a), and 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the parties reside within this district.

4. This Court may properly grant declaratory relief pursuant to 28 U.S.C. § 2201.

## THE PARTIES

5. Defendant John Burlew is the County Attorney for Daviess County, Kentucky. As such, he is an elected official responsible for the prosecution of misdemeanor offenses within Daviess County. Because the Statute specifies a violation of it is a misdemeanor for the first offense, his office is responsible for prosecuting Plaintiff for an alleged violation of the statute. KRS § 15.725(2). He is sued in his official capacity. Pursuant to LR 8.1(a), on information and belief, he resides in Daviess County.

6. Plaintiff John Doe[1] is a resident of Daviess County, Kentucky. Plaintiff had previously been convicted of a criminal offense against a minor and is currently required to register pursuant to Kentucky's sex offense registration scheme ("SORA"). As such, he is an individual to whom the Statute applies.

## THE STATUTE

7. The Statute creates a new section of KRS § 17.500 to KRS § 17.580 that, *inter alia*, prohibits persons who had committed a criminal offense against a minor and is subject to SORA from "[creating] or hav[ing] control of an account on a social media platform unless the account displays his or her full legal name."

8. The Statute makes first offenses of it a Class A misdemeanor, and second or subsequent offenses a Class D felony.

---

[1] Mr. Doe seeks leave of the Court to proceed as a pseudonymous Plaintiff as set out in a contemporaneously-filed motion for leave of the Court.

9. The Statute further provides that it is to apply retroactively to persons whose convictions predate its enactment.

10. On April 17, the Statute was signed into law by Governor Beshear.

11. Pursuant to Ky. Const. § 55, and given the Statute's lack of emergency provision, it goes into effect 90 days after *sine die.*

12. According to an opinion of the Kentucky Attorney General rendered on April 18, 2024, the effective date of all non-emergency legislation for the 2024 Regular Session is July 15, 2024. OAG 24-04.

13. Because the Statute has been signed by the governor, and because it is a criminal statute which applies to Plaintiff and those similarly situated, and because Plaintiff has no reason to anticipate that it will not be enforced against him, this challenge is ripe for adjudication. *See Holder v. Humanitarian Law Project,* 130 S.Ct. 2705, 2717 (2010); *Morrison v. Bd. of Educ. v. Boyd Cty.,* 521 F.3d 602, 608 (6th Cir. 2008).

## FACTS RELATED TO JOHN DOE

14. Plaintiff Doe resides in Daviess County, Kentucky with his wife and children.

15. Plaintiff was convicted in 2015 of felony offenses related to CSAM in Kentucky state court, and received a five year suspended sentence. Because he was convicted of multiple counts, even though they arose from the same underlying facts, he is required to comply with SORA for life.

16. Plaintiff's criminal supervision was terminated in 2018 due to his good behavior. Aside from Plaintiff's requirement to comply with SORA—with which he

3

has always been and is compliant—he has not been under criminal supervision since 2018.

17. Outside of a minor infraction when he was 18 years old, Plaintiff has no other criminal history.

18. Plaintiff is an active user of social media platforms that are encompassed by the Statute, such as X (formerly Twitter) and Reddit, where he engages with others, receives news, communicates with friends and family, and comments on items.

19. Plaintiff controls social media accounts that are anonymous in that these accounts does not display his legal name, nor does he provide identifying information. However, on these accounts Plaintiff is honest about his past conviction and status as an individual required to comply with SORA.

20. Plaintiff at various times on social media communicated his beliefs related to SORA that are not politically popular (i.e., that it is ineffective, and that it unfairly impacts his children).

21. At times, Plaintiff has received harassment from people online who have threatened his safety and the safety of his children due to the unpopular nature of these positions, and the fact that Plaintiff is open about his past conviction and status as someone required to comply with SORA.

22. Plaintiff is aware that people in his position are not popular, and is familiar with stories and instances of others being harassed and targeted for violence due to their requirement to register.

23. Plaintiff has also received harassment from expressing his opinions online on topics that have nothing to do with SORA, but with which others disagree, and who have used his status as a registrant to harass him.

24. As stated, Plaintiff has a wife and children who reside with him. He is reasonably concerned about severe harm that would befall them should he be forced to identify himself publicly, given that SORA will provide anyone seeking to harm him with the address where Plaintiff, his wife, and his children reside.

25. As such, Plaintiff and others so similarly situated are in a uniquely vulnerable position to exercise their First Amendment rights with respect to opinions relating not only SORA, but anything remotely controversial and which might attract unwanted attention from people online.

26. Consequently, should the challenged law go into effect, Doe plans to deactivate his social media and cease using it altogether, lest he commit a criminal offense.

### THE STATUTE IS PREDICATED ON LONGSTANDING MYTHS REGARDING RECIDIVISM, AND OPERATES TO DEPRIVE PLAINTIFF OF HIS FREE SPEECH RIGHTS WITH NO PROTECTIVE FUNCTION

27. The Declaration of Dr. Kristen Zgoba (hereinafter "Zgoba"), incorporated by reference as if set out fully herein, attests to certain facts relevant to the questions this challenge raises.

28. While the Statute is presumably based on an understanding that persons with past sex offense convictions are uniquely dangerous and therefore special laws

targeting them are justified in the public interest, available evidence does not support this belief. Zgoba ¶¶ 2-6.

29. Furthermore, risk of recidivism is not a static variable, but declines both with age and the longer that someone remains crime-free in the community. Zgoba ¶¶ 7-11.

30. Whatever one believes about recidivism, more than two decades of scientific research have that burdens placed onto people with past convictions for sex offenses — such as SORA and its various associated restrictions which are triggered by registration — have no impact on rates of recidivism. Zgoba ¶¶ 12-13.

31. Approximately 95% of all sex offenses that are reported to law enforcement and cleared by arrest are attributable to people without a past conviction for a sex offense, and to whom these burdens would not be applied. Zgoba ¶ 28.

32. Similarly, approximately 96% of all technologically-facilitated sex offenses against minors are attributable to people without a prior record of offending, and to whom the burdens of SORA and the burdens imposed by the Statute are not applied. Zgoba ¶ 28.

33. Furthermore, evidence indicates that members of the proposed class experience ostracism, vigilantism and harassment at rates greater than people with non-registrable offenses, up to and including being the victims of homicide. Zgoba ¶¶ 14-23.

## CLASS ALLEGATIONS

34. Pursuant to Fed. R. Civ. Proc. 23(b)(2), Plaintiff intends to seek certification of this complaint as a class action for the purposes of injunctive and declaratory relief on behalf of a class defined as follows: all individuals who have committed a criminal offense against a minor and who are required to register pursuant to Kentucky's SORA.

35. The class seeks a declaration that the Statute is unconstitutional, as well as preliminary and permanent injunctive relief.

36. The proposed class is numerous. On information and belief, it encompasses encompasses hundreds if not thousands of individuals.

37. There are questions of law and fact that are common to all proposed class members, including:

> a. Whether the Statute deprives class members of their right to engage in anonymous speech;

> b. Whether the Statute is overly broad and chills class members' willingness to engage in protected speech;

> c. The government's rationale, and the extent of supporting evidence for the existence of a governmental interest served by the Statute.

38. All individuals who fall into the proposed class are subject to the same law. Given the commonality of questions that are pertinent with respect to all class members, a single injunction would provide relief to the entire class.

39. The named Plaintiff will fairly and adequately represent the interests of the class; and the claims of the named Plaintiff's claims are typical of the claims of all members of the proposed class.

40.  Prior to being sworn in as an attorney, Plaintiff's counsel was employed as a legal fellow for the Sex Offense Litigation and Policy Resource Center at the Mitchell Hamline School of Law in St. Paul, Minnesota for approximately three and a half years, where undersigned counsel worked on numerous cases involving civil rights issues for people previously convicted of sex offenses, worked with policymakers, and authored several law review articles on related topics.

41.  Prior to and subsequent to being sworn in as an attorney, undersigned counsel has participated and/or assisted with investigation, research, brief drafting, discovery, working with expert witnesses, and other tasks in various civil rights challenges, at least one of which was brought as a class action and all of which have involved similar if not identical issues, including: *Doe v. Tilley*, 283 F.Supp. 3d 608 (E.D. Ky. 2017), *Doe et al. v. Whitmer*, No. 22-cv-10209 (E.D. Mich.), *Millard v. Camper*, 971 F.3d 1174 (10th Cir. 2020), *Doe et al.* v. *Olson et al.,* No. 21-cv-04102 (W.D. Mo.), *Thoele v. Hinojosa*, No. 03-23-00771 (Tex. 3rd Ct. App.), *Nelson v. Town of Paris*, 78 F.4th 389 (7th Cir. 2023), and *Peshek et al. v. Timberlake*, No. 21-cv-1061 (E.D. Wis.).

42.  Undersigned counsel has further spent a significant amount of time researching the claims in this case, the legal and factual issues that are likely to arise, consulting with experts including Dr. Zgoba, and preparing the complaint as well as initial pleadings including a motions for a preliminary injunction and class certification.

43.  Undersigned counsel has sufficient knowledge of the relevant areas of facts and law that are at issue in this case to adequately represent the interests of the proposed class.

## COUNT I
### FIRST AMENDMENT—ANONYMOUS SPEECH

44.  Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

45.  The First Amendment of the United States Constitution, incorporated to the states through the Fourteenth Amendment, guarantees the right to the Freedom of Speech.

46.  It is well-established that the right to speak anonymously is encompassed within the First Amendment. *Talley v. California*, 362 U.S. 60 (1960); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182 (1999); see also *Novak v. City of Parma,* 932 F.3d 421, 433-434 (6th Cir. 2019).

47.  The Supreme Court has further held that Plaintiff and those similarly situated have a First Amendment right to speak on social media platforms such as those encompassed by the Statute. *Packingham v. North Carolina*, 582 U.S. 98 (2016).

48.  By requiring—under threat of criminal prosecution—self-identification as a precondition for speaking, the Statute wholly deprives Plaintiff and others similarly

situated of the right to engage in any protected anonymous speech on social media platforms, as defined by the Statute.

49. Given that the Statute burdens on any speech Plaintiff makes on social media platforms, it is not sufficiently narrowly tailored to meet any purported governmental interest.

50. Because of these infirmities, the Statute is facially unconstitutional.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

    A. Issue an order certifying this action to proceed as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2);

    B. Appoint undersigned counsel as class counsel pursuant to Fed. R. Civ. Proc. 23(g);

    C. Enter a declaration that the Statute is facially unconstitutional;

    D. Enter both a preliminary and permanent injunction precluding enforcement of the Statute;

    E. Enter judgment for reasonable attorneys' fees and costs incurred in bringing this action; and

    F. Grant Plaintiff any other relief as law and justice demand and to which he may appear entitled.

## COUNT II
### FIRST AMENDMENT—OVERBREADTH

51. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

10

52. Because of the compelled self-identification requirement and retrospective operation, the Statute necessarily burdens all protected speech that Plaintiff would seek to engage in on social media platforms despite his living offense-free in the community for years and will continue to do so for the rest of his life.

53. While the Statute is clearly geared at prohibiting illicit interactions between adults and minors given its structure, Kentucky already has at least two sets of laws that criminalize the same with respect to both the general public and registrants, and which are not the subject of this challenge. KRS § 17.546(1)(b) (prohibiting an individual subject to SORA from using electronic communications to communicate with or gather information about a minor unless they are a parent); KRS § 510.155(7)(b) (prohibiting electronic solicitation of a minor for sexual purposes generally, and enhancing the same to a Class C felony if the individual is subject to SORA).

54. Because the Statute is a criminal statute with both misdemeanor and felony penalties for failing to adhere to its provisions, it chills the willingness of Plaintiff and others similarly situated to engage in constitutionally-protected speech.

55. Laws which chill a substantial amount of protected First Amendment activity, particularly by way of the threat of criminal prosecution, are unconstitutional. *Speet v. Schuette*, 726 F.3d 867, 878 (6th Cir. 2013).

56. Where a state has other means readily available to target conduct it seeks to prohibit without offending First Amendment freedoms, it further lends to a finding

that the law is overly broad. *Doe v. Prosecutor*, 705 F.3d 694, 699 (7th Cir. 2013) *citing Schneider v. Town of Irvington*, 308 U.S. 147 (1939).

57. The Statute is not sufficiently narrowly tailored to meet any purported governmental interest.

58. Because of these infirmities, the Statute is facially unconstitutional.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Issue an order certifying this action to proceed as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2);

B. Appoint undersigned counsel as class counsel pursuant to Fed. R. Civ. Proc. 23(g);

C. Enter a declaration that the Statute is facially unconstitutional;

D. Enter both a preliminary and permanent injunction precluding enforcement of the Statute;

E. Enter judgment for reasonable attorneys' fees and costs incurred in bringing this action; and

F. Grant Plaintiff any other relief as law and justice demand and to which he may appear entitled.

Respectfully submitted,

/s/ Guy Hamilton-Smith*
Law Office of Guy Hamilton-Smith, PLLC
1707 L Street NW, Suite 1030
Washington, D.C. 20036

202.681.5157
guy@guyhamiltonsmith.com
D.C. Bar No.: 90011183
*Attorney for Plaintiff*

*\*To Seek Pro Hac Vice Admission*

Law Office of Guy Hamilton-Smith
1707 L Street NW, Suite 1030
Washington, D.C. 20036

United States District Court - WDKY
Clerk's Office
423 Frederica Street
Suite 126
Owensboro, KY 42301-3013



CERTIFIED MAIL

9589 0710 5270 1430 3382 65



RDC 99

Retail



42301



U.S. POSTAGE PAID
FCM LG ENV
DANVILLE, KY 40422
APR 26, 2024

$7.23

R2305H130548-68