FILED
JAMES J. VILT JR., CLERK
U.S. DISTRICT COURT
W/D OF KENTUCKY

Date: _____Apr 29, 2024_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JOHN DOE,

    Plaintiff,

v.

JOHN BURLEW,
*in his official capacity*

    Defendant.

Case Number: 4:24-CV-45-GNS

## MOTION TO PROCEED PSEUDONYMOUSLY

Comes now the Plaintiff, John Doe, and Moves this Honorable Court for leave to be permitted to prosecute the instant action under the pseudonym John Doe.

Federal Rule of Civil Procedure 10(a) provides that a complaint must name all parties, but the Sixth Circuit has previously recognized that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 474 (6th Cir. 1983). While there is generally a public interest in transparent proceedings, the Sixth Circuit has previously articulated several factors to weigh in deciding whether privacy interests of the parties outweigh that public interest: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking

criminal prosecution, and (4) whether the plaintiffs are children." *Doe v. Porter,* 370 F.3d 558, 560 (6th Cir. 2004) (cleaned up). Furthermore, "forc[ing] Plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment" is also a relevant consideration in whether the privacy interests of a party outweighs the public interest. *Id.*

These factors indicate that the Court should favor Plaintiff's privacy interests. Plaintiff is challenging the constitutionality of a state statute that will soon come into effect, and which provides for criminal penalties. The information disclosed in the complaint and that is likely to be available to the government during discovery is highly personal in nature. As set out in the Complaint Plaintiff has taken steps to avoid broadcasting his status to the world at large in a way that reveals his identity and seeks to vindicate his ability to speak anonymously online. Should he be required to identify himself in this instant action, he reasonably fears retaliation from the public at large, given the fact that challenges to sex offense registration often attract media attention and that those on the registry are subjected to harassment and vigilantism for doing far less than filing a federal civil rights lawsuit. Compl. ¶ 33.

Furthermore, while Plaintiff is not himself a child, as alleged in the Complaint, Plaintiff is not only concerned with his safety, but the safety of his children whom he has custody of and who reside with him and his wife. Because Kentucky's SORA provides the public with their home address, this request not only implicates Plaintiff's privacy interests but those of his family as well. Should Plaintiff be

identified, his children could reasonably experience harms independent of those to Plaintiff directly, such as bullying at school, should attention be focused on Plaintiff's identity and past conviction due to his participation in the instant action.

The Sixth Circuit has further counseled that courts should consider whether or not a defendant will have sufficient information to present any defenses. *Id.* at 561. In *Porter,* the Court approved of a protective order that prohibited defendants from disclosing identifying information regarding the plaintiffs publicly, but that provided for counsel for the defendants to have access to plaintiffs identities in order to defend the case. *Id.* Plaintiff seeks a similar result here. Subject to a contemplated protective order, Plaintiff has no qualms with Defendant and his counsel knowing his identity subject in order to ensure, for example, that he has proper standing to bring the instant challenge and to facilitate discovery. Stated differently, Plaintiff does not seek anonymity in the instant challenge for an improper purpose, but instead owing to the fact that he is a member of "one of the most disfavored groups in our society." *Gundy v. United States,* 139 S.Ct. 2116, 2144 (2019) (Gorsuch, J., dissenting).

Finally, pseudonymous litigation of this sort is fairly common in the Sixth Circuit. *See Does v. Snyder,* 834 F.3d 696 (6th Cir. 2016); *Doe v. Rausch,* 461 F.Supp. 3d 347 (E.D. Tenn. 2020); *Doe v. Kentucky ex. rel. Tilley,* 283 F.Supp.3d 608 (E.D. Ky. 2017); *Doe v. Fletcher,* 2010 U.S. Dist. LEXIS 155447, No. 6-CV-474 (W.D. Ky. 2010).

Wherefore, Plaintiff respectfully requests that the Court grant him leave to proceed in the above-captioned matter under the pseudonym John Doe.

Respectfully submitted,

/s/ Guy Hamilton-Smith*
Law Office of Guy Hamilton-Smith, PLLC
1707 L Street NW, Suite 1030
Washington, D.C. 20036
202.681.5157
guy@guyhamiltonsmith.com
D.C. Bar No.: 90011183
*Attorney for Plaintiff*

*To Seek Pro Hac Vice Admission*

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing was filed in the above-captioned matter via U.S. mail to the clerk on this the 26th of April, 2024 and that upon docketing of the matter a copy of the same will be delivered alongside the Complaint and request for waiver of service, via U.S. mail, postage prepaid, to:

Hon. John Burlew
Daviess County Attorney
117 E. 3rd Street
PO Box 158
Owensboro, KY 42302

/s/ Guy Hamilton-Smith