## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

JOHN DOE,
*on behalf of himself and others*
*so situated*

      Plaintiff,

          v.

JOHN BURLEW,
*in his official capacity as Daviess*
*County Attorney, and on behalf of all*
*County Attorneys in their official*
*capacities*

      Defendant.

No. 4:24-CV-00045-GNS

### AGREED ORDER

Pursuant to Fed. R. Civ. Proc. 26(c) the parties have agreed to the entry of a protective order concerning the identity of the Plaintiff, John Doe. Counsel for Defendant Burlew indicate that they do not oppose Plaintiff John Doe proceeding pseudonymously in this action subject to the provisions of this Order. Thus on agreement of the parties and this Court being otherwise sufficiently advised, IT IS HEREBY ORDERED THAT:

1. Documents that are filed with the Court that contain Plaintiff's name or information that identifies or reasonably could be used to identify Plaintiff or his family members or employer shall be filed under seal. In all documents that are

filed publicly, Plaintiff is to be identified by the pseudonym John Doe wherever possible or otherwise those documents are to be appropriately redacted.

2. Plaintiff's counsel shall disclose the identity of Plaintiff to counsel for Defendant upon request.

3. Counsel for Defendant may disclose the identity of Plaintiff or his family members or employer or other information that identifies or reasonably could identify Plaintiffs to the named Defendant, employees of Defendant, and experts retained in this case to the minimum extent necessary to litigate this action or enforce orders issued by the Court.

4. Individuals to whom Defendants disclose information in paragraph 3 shall not further disclose the same without first obtaining defense counsel's confirmation that such disclosure is necessary to litigate this action or to enforce orders of the Court.

5. Any person to whom Defendant or Defendant's counsel discloses the information in paragraph 3 shall first read this protective order prior to being given access to the same. Counsel for Defendant shall ensure that all persons to whom these disclosures are made are aware that they are bound by this protective order, and may not disclose Plaintiff's identity or other identifying information except as specified herein.

6. Under no circumstance shall any person disclose the name or identifying information of Plaintiff, his family members, or employer to the media or anyone

else not identified in the foregoing paragraphs without first obtaining the consent of counsel for Plaintiff in writing or upon order of the Court.

7. Should any issues arise with respect to the disclosure or non-disclosure of Plaintiff's identity or other identifying information as set out herein, the parties shall seek to resolve those issues without involving the Court. If the parties cannot agree, they shall seek further clarification from this Court.

*So ordered on this:*  June 24, 2024

Greg N. Stivers, Chief Judge
United States District Court

Seen and agreed to by:

/s/ Lindsey R. Keiser (by permission)
Aaron J. Silletto (Bar # 89305)
Lindsey R. Keiser (Bar # 99557)
Office of the Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
Phone: (502) 696-5300
Aaron.Silletto@ky.gov
Lindsey.Keiser@ky.gov
*Counsel for John Burlew*

/s/ Guy Hamilton-Smith
Guy Hamilton-Smith (DC Bar # 90011183)
Law Office of Guy Hamilton-Smith, PLLC
1707 L. Street NW, Suite 1030
Washington, D.C. 20036
Phone: (202) 681-5157
guy@guyhamiltonsmith.com
*Attorney for Plaintiff Doe*

3