## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## OWENSBORO DIVISION

JOHN DOE,
*on behalf of himself and others*
*so situated*

    Plaintiff,

        v.

JOHN BURLEW,
*in his official capacity as Daviess*
*County Attorney, and on behalf of all*
*County Attorneys in their official*
*capacities*

    Defendant.

No. 4:24-CV-00045-GNS

**EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Comes now the Plaintiff, John Doe, by and through undersigned counsel and pursuant to Fed. R. Civ. Proc. 65(b) Moves this Honorable Court to issue a Temporary Restraining Order prohibiting the enforcement of the challenged law, SB 249, by any member of the proposed defendant class against any member of the proposed plaintiff class for either a period of 14 days, or until Plaintiff is granted relief on his pending motions for Class Certification and Preliminary injunction.

SB 249 is slated to go into effect in less than one week from the date of this filing. Counsel is cognizant that the briefing schedule on the pending motions will be concluded three days before SB 249 is slated to go into effect, and that the Court may issue rulings on that date. Plaintiff nonetheless respectfully requests the

issuance of a TRO. Fed. R. Civ. Proc. 65 provides for a 14-day timeframe for a TRO, and this would both provide the Court additional time to issue a ruling on the pending motions, as well as provide Plaintiff with the opportunity to seek review of a potential denial of his pending motions. Plaintiff previously provided written notice of his intention to seek a TRO near the effective date of SB 249 to counsel for Mr. Burlew on June 20, 2024, and again on the date of this filing.

Because the standard for a TRO and preliminary injunction is the same, *Summit County Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550 (6th Cir. 2004), Plaintiff's arguments in support of his request are contained within his briefing in support of his pending motions for a Preliminary Injunction (DE# 12), Class Certification (DE# 13), his consolidated reply and response brief (DE# 20, 21), and incorporated by reference. Plaintiff further requests that the TRO cover members of the proposed classes, even though a ruling has not yet been made on the pending motions. *See Gooch v. Life Investors Ins. Co. of America,* 672 F.3d 402, 433 (6th Cir. 2012).

The issuance of a TRO is appropriate in this circumstance, as it balances the rights of the respective parties. If Plaintiff's motions are denied absent the existence of a TRO, and the decision on those motions is ultimately reversed, Plaintiff and proposed class members will have nonetheless suffered the "irreparable injury" of loss of First Amendment freedoms, which is considered to be irreparable even when it is "for minimal periods of time." *Connection Distrib. Co. v. Reno*, 154 F.3d 281, 288 (6th Cir. 1998), *citing Elrod v. Burns*, 427 U.S. 347, 373 (1976). If Plaintiff's

motions are denied and that denial is affirmed, then neither Mr. Burlew nor the public will be harmed by a short delay in the effective date of SB 249 which would permit Plaintiff to seek review. While the government does have an interest in enforcing *constitutional* laws, the constitutionality of SB 249 remains an open question. The legislation itself contains no emergency provision requiring effectiveness on signing by the Governor, undercutting the position that the immediacy of its operation is necessary to protect the health and wellbeing of Kentucky citizens. Furthermore the Commonwealth retains multiple sets of laws which already criminalize the unprotected speech that the government represents SB 249 is necessary to guard against. Simply stated, the issuance of a 14-day TRO in this circumstance would appropriately balance Plaintiff's ability to effectively petition the courts while also respecting the governmental interest in the enforcement of laws which do not infringe on the rights of its citizens.

Wherefore, Plaintiff respectfully requests the issuance of a TRO temporarily enjoining the enforcement of SB 249 on a class-wide basis. Plaintiff requests that this TRO be in operation for either a period of 14 days, or until such a time as Plaintiff's pending motions are granted — whichever occurs first.

Respectfully submitted,

/s/ Guy Hamilton-Smith*
Law Office of Guy Hamilton-Smith, PLLC
1707 L Street NW, Suite 1030
Washington, D.C. 20036
D.C. Bar No.: 90011183

202.681.5157
guy@guyhamiltonsmith.com
*Attorney for Plaintiff*

**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed in the above-captioned matter via the Court's CM/ECF system, which will cause electronic notice of the same to be served on all parties on this the 9th day of July, 2024.

/s/ Guy Hamilton-Smith