UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00045-GNS

JOE DOE,
on behalf of himself
and others similarly situated                                    PLAINTIFF

v.

JOHN BURLEW,
in his official capacity as
Daviess County Attorney,
and on behalf of all County Attorneys
in their official capacities                                      DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Class Certification (DN 13). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

**I.    BACKGROUND**

During 2024 legislative session, the Kentucky General Assembly passed and Governor Andy Beshear signed into law Senate Bill 249. *See* S.B. 249, 2024 Ky. Gen. Assemb., Reg. Sess. (codified as KRS 17.544). This law requires persons on the Kentucky Sex Offender Registry who committed a criminal offense against a minor to use their full legal name on social media platforms. *See* KRS 17.544.

Plaintiff John Doe ("Doe") filed this action on his own behalf and on behalf of others similarly situated against Defendant John Burlew ("Burlew"), in his official capacity as Daviess County Attorney and on behalf of all County Attorneys in their official capacities. (Am. Compl. ¶ 5, DN 11). Doe asserts two claims under 42 U.S.C. § 1983 for violations of his constitutional rights under the First Amendment. (Am. Compl. ¶¶ 53-67). In particular, Doe asserts that the

1

challenged law violates his right to speak anonymously and is unconstitutionally overbroad. (Am. Compl. ¶¶ 53-67).

Doe moves for certification of a plaintiff class and a defendant class. (Pl.'s Mot. Class Certification, DN 13). Burlew opposes the motion. (Def.'s Combined Resp. Pl.'s Mots. & Cross-Mot. Summ. J., DN 19).

## II.     JURISDICTION

This Court has jurisdiction because a federal question is presented. *See* 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

"While the district court has broad discretion in certifying class actions, it must exercise that discretion within the framework of Rule 23." *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 446 (6th Cir. 2002) (citing *Cross v. Nat'l Tr. Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977)). As the moving party, Doe bears the burden of proof to establish that certification is proper. *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (6th Cir. 1996) (citing *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982); *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976)). Fed. R. Civ. P. 23(a) dictates requirements of numerosity, commonality, typicality, and adequacy for all class action lawsuits, and a court must conduct "a rigorous analysis[] that the prerequisites of Rule 23(a) have been satisfied." Fed. R. Civ. P. 23(a); *Falcon*, 457 U.S. at 161. If all of these requirements are not satisfied, certification must be denied. *See Ball v. Union Carbide Corp.*, 385 F.3d 713, 727 (6th Cir. 2004) (citing *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc)).

Because the merits of the underlying claims are not considered in determining whether to certify a class, a court instead assumes that the complaint's substantive allegations are true and that the pleading states cognizable claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178

(1974) ("In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (citation omitted)); *Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 241 (E.D. Mich. 1997) ("A Rule 23 determination is wholly procedural and has nothing to do with whether a plaintiff will ultimately prevail on the substantive merits of its claims." (citation omitted)). "Nonetheless, the Court must undertake an analysis of the issues and the nature of required proof at trial to determine whether the matters in dispute and the nature of plaintiffs' proofs are principally individual in nature or are susceptible of common proof equally applicable to all class members." *Little Caesar Enters.*, 172 F.R.D. at 241 (citation omitted). "[W]hen a court is in doubt as to whether to certify a class action, it should err in favor of allowing a class." *Id.* at 241-42 (citations omitted).

## IV.  DISCUSSION

### A.  Defendant Class

The parties' arguments primarily concern the propriety of a defendant class certification in this case. (*See* Pl.'s Mot. Class Certification 8-16; Def.'s Combined Resp. Pl.'s Mots. & Cross-Mot. Summ. J. 5-11; Pl.'s Consolidated Reply & Resp. Def.'s Mot. Summ. J. 2-6, DN 20). Burlew contends that Doe lacks standing to sue every County Attorney in Kentucky. (Def.'s Combined Resp. Pl.'s Mots. & Cross-Mot. Summ. J. 8-10). Doe concedes that because he resides in Daviess County, he has only a claim against Burlew, but Doe asserts that he still may sue every County Attorney based on the judicial link doctrine. (Pl.'s Mot. Class Certification 14-15 (citing *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 470 (9th Cir. 1973)).

To satisfy Article III's "Cases" or "Controversies" requirement, plaintiffs may only sue when they have standing—that is, when they have suffered a redressable injury that is traceable to

each defendant. *Fox v. Saginaw Cnty.*, 67 F.4th 284, 292-93 (6th Cir. 2023) (citations omitted). In the name of efficiency, the judicial link doctrine (or juridical link doctrine) allows "named plaintiffs [to] bring a class action against some defendants who did not injure them if the class members would have standing and if the named plaintiff can meet Rule 23's requirements." *Id.* at 293, 296. In *Fox*, however, the Sixth Circuit expressly rejected the judicial link doctrine. *Id.* at 294-96. *Fox* concerned a Michigan landowner who failed to pay property taxes. *Id.* at 288. As a result, Gratiot County, Michigan, sold his property, paid his taxes, and kept the surplus, which the plaintiff argued was an unconstitutional taking. *Id.* The plaintiff, as the named plaintiff on behalf of a class of similarly situated landowners, sued the Gratiot County Attorney and twenty-six other Michigan county attorneys, arguing that the class action gave him standing to sue each county attorney, even those who did not injure him. *Id.* at 288, 293. The Sixth Circuit rejected Fox's argument, explaining that standing requirements apply equally to class actions and that the judicial link doctrine conflicts with Supreme Court precedent and separation of powers. *Id.* at 294-96. The Sixth Circuit, explaining that the Supreme Court often resolves standing problems by analogizing to cases traditionally resolved by the judicial process, further reasoned that Fox did not offer and the Court did not find a historical analog to support the judicial link doctrine. *Id.* at 298-99.

Doe argues that despite *Fox*, he can still rely on the judicial link doctrine because First Amendment overbreadth challenges offer greater historical support for the doctrine than Fox's claim did. (Pl.'s Consolidated Reply & Resp. Def.'s Mot. Summ. J. 2-3 (quoting *Fox*, 67 F.4th at 298-99)). All Doe offers to support this contention is a passing reference to the fact that overbreadth challenges allow a court to "relax certain standing doctrines." (Pl.'s Consolidated Reply & Resp. Def.'s Mot. Summ. J. 3 (quoting *Phillips v. DeWine*, 841 F.3d 405, 417 (6th Cir. 2016)). The Sixth Circuit has held, however, that any standing exceptions available in overbreadth

challenges do not apply to the injury-in-fact requirement. *Phillips*, 841 F.3d at 417. Because Doe has not been injured by the other Kentucky County Attorneys and *Fox* prohibits him from relying on the injuries of a plaintiff class to establish standing, Doe's motion to certify the class of defendants is denied.

### B. Plaintiff Class

Doe also moves to certify a plaintiff class under Fed. R. Civ. P. 23(a) and 23(b)(2). (Pl.'s Mot. Class Certification 1-8). Doe's motion suffers from two deficiencies, each of which prevent certification: there is insufficient information for the Court to determine whether the class meets Rule 23(a)'s numerosity or adequacy of representation requirements.

#### 1. *Numerosity*

The first requirement for class certification is that "the class is so numerous that joinder of all members is impracticable . . . ." Fed. R. Civ. P. 23(a)(1). As the Sixth Circuit has explained:

> There is no automatic cut-off point at which the number of plaintiffs makes joinder impractical, thereby making a class-action suit the only viable alternative. However, sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1).

*Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) (internal citation omitted) (citation omitted); *see also In re Am. Med. Sys.*, 75 F.3d at 1079 ("There is no strict numerical test for determining impracticability of joinder." (citation omitted)). "In ruling on a class action a judge may consider reasonable inferences drawn from facts before him at that stage of the proceedings, and an appellate court will generally defer to the District Court's determination that a class is sufficiently numerous to make joinder impracticable." *Senter*, 532 F.2d at 523. "Nevertheless, while 'the exact number of class members need not be pleaded or proved, impracticability of joinder must be positively shown, and cannot be speculative.'" *Golden v. City*

*of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005) (quoting *McGee v. E. Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001)).

In his motion, Doe states that to the best of his knowledge, there are thousands of registered sex offenders in Kentucky. (Pl.'s Mot. Class Certification 4). Of course, not every registered sex offender committed an offense against a minor, but Doe asserts that the number of those who did is also likely in the thousands. (Pl.'s Mot. Class Certification 4). Doe understandably cannot list the exact number of registered sex offenders who committed an offense against a minor, but he does not provide any supporting facts from which the Court could infer the size of the class. (*See* Pl.'s Mot. Class Certification 4); *see Senter*, 532 F.2d at 523. This deficiency is further complicated by the fact that because the defendant class certification is denied, Doe must positively show that registered sex offenders who committed an offense against a minor are residing in Daviess County to meet the numerosity requirement. *See Golden*, 404 F.3d at 965-66. There is simply insufficient information to make that determination now, and any attempt to do so at this point would be speculative.

### 2. *Adequacy of Representation*

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "There are two criteria for determining whether the representation of the class will be adequate: 1) [t]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter*, 532 F.2d at 524-25 (citing *Gonzales v. Cassidy*, 474 F.2d 67, 73 (6th Cir. 1973)). Counsel should be "qualified, experienced and generally able to conduct the litigation." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000)).

Ordinarily, the named plaintiff's attorney attaches to the motion for class certification an affidavit or declaration detailing the attorney's qualifications and experience relevant to representing a class of plaintiffs. Here, the only information about Doe's counsel, Guy Hamilton-Smith ("Hamilton-Smith"), is a few paragraphs in the Amended Complaint that explain that Hamilton-Smith has worked in the area of sex offender civil rights, but many of his listed experiences appear to have been before he became a barred attorney, and the motion for class certification acknowledges that Hamilton-Smith has never served as class counsel. (Am. Compl. ¶¶ 41-44; Pl.'s Mot. Class Certification 7). As above, this limited information is insufficient to determine whether Hamilton-Smith has the qualifications, experience, and ability required to conduct class action litigation. Accordingly, because Doe has not satisfied the numerosity or adequacy requirements, his class certification motion is denied. *See Ball*, 385 F.3d at 727.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Class Certification (DN 13) **DENIED**.

2. Based on the Court's ruling on class certification, the preliminary injunction (DN 26) is **MODIFIED** to apply to Defendant John Burlew only who shall be **ENJOINED** from enforcing KRS 17.544 against Plaintiff John Doe.

Greg N. Stivers, Chief Judge
United States District Court

July 18, 2024

cc: counsel of record