UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00045-GNS

JOE DOE,
on behalf of himself
and others similarly situated                                                        PLAINTIFF

v.

JOHN BURLEW,
in his official capacity as
Daviess County Attorney,
and on behalf of all County Attorneys
in their official capacities                                                          DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Emergency Motion to Modify Preliminary Injunction (DN 28) and Plaintiff's Motion to Modify Preliminary Injunction Pending Appeal (DN 30). The motions are ripe for adjudication.

    A.    **Plaintiff's Emergency Motion to Modify Preliminary Injunction (DN 28)**[1]

In this motion, Plaintiff seeks to modify the scope of the existing preliminary injunction to prohibit statewide enforcement of KRS 17.544. (Pl.'s Emergency Mot. Modify Prelim. Inj., DN 28). This is different relief from what Plaintiff originally requested when he moved for a preliminary injunction application to all county attorneys in the Commonwealth of Kentucky. (6th Cir. Order 2).

---

[1] While this motion is styled as involving an emergency, the Sixth Circuit has noted that the relief requested by Plaintiff is not based on exigent circumstances. (6th Cir. Order 3, DN 36); *see also York Grp., Inc. v. Pontone*, No. 10-1078, 2014 WL 1766861, at *1 (W.D. Pa. May 2, 2014) ("The issues presented by defendants in their 'emergency' motion are not exigent. An emergency is defined as: 'an unexpected and usually dangerous situation that calls for immediate action.'" (citation omitted)).

Relying mostly on nonbinding authority from other jurisdictions, Plaintiff asserts that this Court should expand the scope of the preliminary injunction statewide, noting that the Sixth Circuit has not stated that such relief should be granted under no circumstances. (Pl.'s Emergency Mot. Modify Prelim. Inj. 2-3 (citing *L.W. ex rel. Williams v. Skrmetti*, 83 F.4th 460, 490 (6th Cir. 2023), *cert. granted*, 144 S. Ct. 2679 (June 24, 2024) (No. 23-477)). In *L.W. ex rel. Williams v. Skrmetti*, the Sixth Circuit noted that "[a] court order that goes beyond the injuries of a particular plaintiff to enjoin government action against nonparties exceeds the norms of judicial power." *L.W.*, 83 F.4th at 490 (citing *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)). Plaintiff, however, focuses on the Sixth Circuit's statement that "courts in some instances may wield such power . . . ." *Id.* The Sixth Circuit has also cautioned that "affording relief beyond the parties nonetheless raises substantial questions about federal courts' constitutional and equitable powers." *Kentucky v. Biden*, 57 F.4th 545, 557 (6th Cir. 2023) (citing *Arizona v. Bien*, 31 F.4th 469, 483 (6th Cir. 2022) (Sutton, C.J., concurring); *Dep't of Homeland Sec. v. New York*, 140 S. Ct. 599, 600 (2020) (Gorsuch, J., concurring)).

At least in part, this motion appears to be an attempt by Plaintiff to effectively obtain the same statewide relief that he was denied due to his inability to certify a defendant class and preclude other county attorneys from enforcing KRS 17.544. That issue is squarely before the Sixth Circuit in his cross-appeal (No. 24-5743) filed on August 15, 2024.

The new issue raised is whether the existing preliminary injunction should be expanded to preclude the enforcement of the statute against others when Plaintiff is merely on social media listening to and receiving information from others. Plaintiff has not, however, cited any authority in which a court has extended a preliminary injunction in this fashion. Further, to the extent that Plaintiff is attempting to assert constitutional claims on behalf of third parties impacted by KRS

17.544, he has not addressed whether he satisfies the requirements for third-party standing. For these reasons, this motion is denied.

### B. Plaintiff's Motion to Modify Preliminary Injunction Pending Appeal (DN 30)

Plaintiff also moves to modify the preliminary injunction pending appeal pursuant to Fed. R. Civ. P. 62(d). (Pl.'s Mot. Modify Prelim. Inj., DN 30). While this motion was pending, Plaintiff filed an emergency motion in the Sixth Circuit pursuant to Fed. R. App. P. 8. (6th Cir. Order 2). In denying that motion, the Sixth Circuit construed the motion filed in this Court (DN 30) "as requesting separate injunction pending appeal that looks exactly like what he wants on the merits." (6th Cir. Order 2).

In relevant part, Fed. R. Civ. P. 62 provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "[A] court has continuing jurisdiction to terminate or modify an injunction and [] an equitable remedy should be enforced only as long as the equities of the case require." *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994).

This Court, however, recently expressed its reluctance to exercise this authority due to the uncertainty of whether such jurisdiction exists while an interlocutory appeal of a preliminary injunction is pending. *See Planned Parenthood Great Nw., Haw., Alaska, Ind., & Ky., Inc.*, No. 3:22-CV-198-RGJ, 2022 WL 5200186, at *3 (W.D. Ky. Oct. 5, 2022) ("Out of an abundance of caution and due to the unsettled jurisdiction of the Court to dissolve portions of the injunction while on interlocutory appeal, the Court does not believe it has the jurisdiction to dissolve these portions of the Preliminary Injunction at this time."). Because this motion seeks the same relief

requested by DN 28, and as outlined above, that motion is denied. Under these circumstances, the Court declines to exercise jurisdiction over the request to modify the existing preliminary injunction pursuant to Fed. R. Civ. P. 62(d). Accordingly, this motion is also denied.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Modify Preliminary Injunction (DN 28) and Plaintiff's Motion to Modify Preliminary Injunction Pending Appeal (DN 30) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

September 24, 2024

cc: counsel of record