**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION**

JOHN DOE,

      Plaintiff,

          v.

JOHN BURLEW,
*in his official capacity as Daviess
County Attorney,*

      Defendant.

No. 4:24-CV-00045-GNS

**SECOND AMENDED VERIFIED COMPLAINT**

Plaintiff John Doe, through undersigned counsel, and pursuant to Fed. R. Civ. Proc. 15(a)(2) and the parties' consent, amends his Complaint against Defendant John Burlew in his official capacity as Daviess County Attorney and alleges as follows:

### NATURE OF THE CASE

1. This case is brought pursuant to 42 U.S.C. § 1983 and challenges the constitutionality KRS § 17.544 ("the Statute") on First and Fourteenth Amendment grounds.

### JURISDICTION AND VENUE

2. Jurisdiction for Plaintiff's claims are based on 28 U.S.C. §§1331, 1343(a), and 42 U.S.C. § 1983.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the parties reside within this district.

4. This Court may properly grant declaratory relief pursuant to 28 U.S.C. § 2201.

5. The Sixth Circuit's mandate in its opinion remanding this case issued on March 10, 2026, returning jurisdiction to this Court. DE# 41.

## THE PARTIES

6. Defendant John Burlew is the County Attorney for Daviess County, Kentucky. As such, he is an elected official responsible for the prosecution of misdemeanor offenses within Daviess County. Because the Statute specifies a violation of it is a misdemeanor for the first offense, his office is responsible for prosecuting Plaintiff for an alleged violation of the Statute. KRS § 15.725(2). He is sued in his official capacity. Pursuant to LR 8.1(a), on information and belief, he resides in Daviess County.

7. Plaintiff John Doe is a resident of Daviess County, Kentucky. Plaintiff had previously been convicted of a criminal offense against a minor and is currently required to register pursuant to Kentucky's sex offense registration scheme, KRS § 17.500 *et seq.* ("SORA"). As such, he is an individual to whom the Statute applies. He brings this challenge in his personal capacity.

## BACKGROUND

8. The Statute prohibits persons who have committed a criminal offense against a minor and is subject to SORA from "[creating] or hav[ing] control of an account on

2

a social media platform unless the account displays his or her full legal name." KRS § 17.544.

9. The Statute makes first offenses of it a Class A misdemeanor, and second or subsequent offenses a Class D felony.

10. The stated purpose of the law is to allow the general public to identify SORA registrants on social media platforms engaged in communicative activity by mandating the display of names.

11. The Statute further provides that it is to apply retroactively to persons whose convictions predate its enactment.

12. On April 17, 2024 the Statute was signed into law by Governor Beshear.

13. Mr. Doe originally brought suit before the law was to go into effect, and obtained a preliminary injunction from this Court. DE# 26.

14. Mr. Burlew appealed the preliminary injunction to the Sixth Circuit, which vacated the injunction in a January 26, 2026 Opinion and remanded the case for further proceedings.

15. Plaintiff has no reason to anticipate that the Statute will not be enforced against him, and thus this challenge is ripe for adjudication. *See Holder v. Humanitarian Law Project,* 130 S.Ct. 2705, 2717 (2010); *Morrison v. Bd. of Educ. Boyd Cty.,* 521 F.3d 602, 608 (6th Cir. 2008).

### FACTS RELATED TO JOHN DOE

16. Plaintiff Doe resides in Daviess County, Kentucky with his wife and children.

17. Plaintiff was convicted in 2015 of felony offenses related to CSAM in Kentucky state court, and received a five year suspended sentence. Because he was convicted of multiple counts, even though they arose from the same underlying facts, he is required to comply with SORA for life.

18. Plaintiff's offense did not involve contacting or attempting to contact a minor.

19. Plaintiff's criminal supervision was terminated in 2018 due to his good behavior. Aside from Plaintiff's requirement to comply with SORA—with which he has always been and is compliant—he has not been under criminal supervision since 2018.

20. Outside of a minor infraction when he was 18 years old, Plaintiff has no other criminal history.

21. Plaintiff maintained anonymous social media accounts on the social media platforms X (f/k/a Twitter) and Reddit prior to the filing of the instant lawsuit.

22. These social media platforms and accounts thereon are encompassed by the Statute.

23. Plaintiff had used these accounts to engage with others, receive news, communicate with friends and family, and speak in the modern public square.

24. While Plaintiff did not disclose his identity on these public accounts, he was open about his past conviction and his requirement to comply with SORA.

25. In so doing, Plaintiff also used these social media accounts to engage in highly unpopular political advocacy (i.e., that SORA laws are ineffective at their stated goals of public protection, and that they unfairly harm his wife and children).

4

26. At times on these social media accounts, Plaintiff has received harassment from people online who have threatened his safety and the safety of his children due to the unpopular nature of these positions, and the fact that Plaintiff is open about his past conviction and status as someone required to comply with SORA.

27. Plaintiff is aware that people in his position are not popular, and is familiar with stories and instances of others being harassed and targeted for violence due to their requirement to register.

28. Plaintiff has also received harassment from expressing his opinions online on newsworthy and controversial topics that have nothing to do with SORA, but with which others disagree, and who have used his status as a registrant to harass him and dismiss any opinion that he holds.

29. As stated, Plaintiff has a wife and children who reside with him. He is reasonably concerned about severe harm that would befall them should he be forced to identify himself publicly, given that the operation of SORA provides anyone seeking to harm him with the address where Plaintiff, his wife, and his children reside.

30. As such, Plaintiff is in a uniquely vulnerable position with respect to the exercise of his First Amendment rights with respect to opinions relating not only SORA, but anything remotely controversial and which might attract unwanted attention from people online.

31. Prior to the issuance of the Sixth Circuit's mandate in this case, Plaintiff has ceased operating, possessing, or being in control of these aforementioned accounts,

lest he commit a crime for engaging in anonymous speech on social media platforms.

32. Plaintiff desires to engage in the speech that he has, prior to the passage of the Statute, engaged in, but has ceased doing lest he commit a criminal offense.

### THE STATUTE IS PREDICATED ON LONGSTANDING MYTHS REGARDING RECIDIVISM, AND OPERATES TO DEPRIVE PLAINTIFF OF HIS FREE SPEECH RIGHTS WITH NO PROTECTIVE FUNCTION

33. The Declaration of Dr. Kristen Zgoba (hereinafter "Zgoba Decl."), incorporated by reference as if set out fully herein, attests to certain facts relevant to the questions this challenge raises.

34. While the Statute is presumably based on an understanding that persons with past sex offense convictions are uniquely dangerous and therefore special laws targeting them are justified in the public interest, available evidence does not support this belief. Zgoba Decl. ¶¶ 2-6.

35. Furthermore, risk of recidivism is not a static variable, but declines both with age and the longer that someone remains crime-free in the community. Zgoba Decl. ¶¶ 7-11.

36. Whatever one believes about recidivism, more than two decades of scientific research have shown that burdens placed onto people with past convictions for sex offenses — such as SORA and its various associated restrictions which are triggered by registration — have no impact on rates of recidivism. Zgoba Decl. ¶¶ 12-13.

37.  Approximately 95% of all sex offenses that are reported to law enforcement and cleared by arrest are attributable to people without a past conviction for a sex offense, and to whom these burdens would not be applied. Zgoba Decl. ¶ 28.

38.  Similarly, approximately 96% of all technologically-facilitated sex offenses against minors are attributable to people without a prior record of offending, and to whom the burdens of SORA—such as the Statute—are not applied. Zgoba Decl. ¶ 28.

39. Furthermore, evidence indicates that SORA registrants generally experience ostracism, vigilantism and harassment at rates greater than people with non-registrable offenses, up to and including being the victims of homicide. Zgoba Decl. ¶¶ 14-23.

## COUNT I
### FIRST AMENDMENT—ANONYMOUS SPEECH
### AS-APPLIED

40.  Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

41.  The First Amendment of the United States Constitution, incorporated to the states through the Fourteenth Amendment, guarantees the right to the Freedom of Speech.

42. It is well-established that the right to speak anonymously is an aspect of the Freedom of Speech encompassed within the First Amendment. *Talley v. California*, 362 U.S. 60 (1960); *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Buckley v. Am. Constitutional Law Found.*, 525 U.S. 182 (1999); *see also Novak v.*

*City of Parma,* 932 F.3d 421, 433-434 (6th Cir. 2019); *Peterson v. Nat'l Telecomm. & Info. Admin.,* 478 F.3d 626 (4th Cir. 2007).

43.    Because Plaintiff has received threats and harassment owing to his self-disclosures, and because harassment and vigilantism against those required to comply with SORA and their family members are well-documented, there exists a reasonable probability of reprisal given that SORA both provides the public with the home address he shares with his wife and children and that few groups of people are less popular than those required to comply with SORA laws.

44.    The Supreme Court has unequivocally held that Plaintiff has a First Amendment right to speak on social media platforms such as those encompassed by the Statute. *Packingham v. North Carolina,* 582 U.S. 98 (2016).

45.    By requiring—under threat of criminal prosecution—self-identification as a precondition for speaking, the Statute wholly deprives Plaintiff of his right to engage in any protected anonymous speech on social media platforms, as defined by the Statute.

46.    As applied to Mr. Doe's speech, the Statute is unconstitutional in that it enacts a content-based restriction on his speech and is not the least restrictive means to advance a compelling government interest.

47. Because of these infirmities, the Statute is unconstitutional as-applied to Mr. Doe.

## COUNT II
### FIRST AMENDMENT—UNCONSTITUTIONAL CONDITIONS DOCTRINE
### FACIAL & AS-APPLIED

48. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

49. The unconstitutional conditions doctrine provides that the government may not condition the exercise of a constitutional right on the demand that a person or group waive or forego another constitutional right or entitlement, and may not forbid indirectly what it cannot forbid directly. *See Knight v. Metro Gov't of Nashville & Davidson Cty.*, 67 F.4th 816, 823-24 (6th Cir. 2023).

50. Plaintiff and all to whom the Statute applies have a First Amendment right to speak on social media platforms encompassed by the Statute.

51. Because of the harassment that Plaintiff has received, and the harassment and vigilantism against SORA registrants as a group that is documented, there exists a reasonable probability of reprisal owing to the forced disclosure of one's identity, and consequently, a right to speak anonymously exists.

52. The Statute functions as an unconstitutional condition on Plaintiff's First Amendment right to speak on social media platforms by conditioning the exercise of that right on the waiver of the right to do so anonymously.

53. The Statute functions as an unconstitutional condition in the same manner and respect with respect to anyone else to whom the Statute applies by conditioning the freedom to exercise one constitutional right on the forfeiture of another.

54. The Statute further functions as an indirect prohibition on speech that the government may not directly ban.

55. Because of these infirmities, the Statute violates the unconstitutional conditions doctrine and is unconstitutional as-applied to Plaintiff and facially.

## COUNT III
### FIRST AMENDMENT—COMPELLED SPEECH
### FACIAL & AS-APPLIED

56. Plaintiff realleges and reincorporates, as though fully set out herein, each and every allegation above.

57. The First Amendment protects against compelled speech and disclosures. *Wooley v. Maynard*, 430 U.S. 705 (1977).

58. The Supreme Court has recognized that social media platforms, such as those encompassed by the Statute are "inescapable" and "structure how we relate to family and friends, as well as to businesses, civic organizations, and governments." *Moody v. NetChoice, LLC*, 603 U.S. 707, 716 (2024).

59. The Statute, as applied to Plaintiff, compels speech that he would not otherwise make and finds objectionable to make — to wit, the public disclosure of his full name.

60. In every application, the Statute compels speech on threat of criminal prosecution and is unconstitutional.

61. Because of these infirmities, the Statute is unconstitutional facially and as-applied.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

A. Enter a declaration that the Statute is unconstitutional as set out above as-applied to Plaintiff;

B. Enter a declaration that the Statute is unconstitutional as set out above on its face;

C. Enter a permanent injunction precluding enforcement of the Statute against Plaintiff;

D. Enter a permanent injunction precluding enforcement of the Statute entirely;

E. Enter judgment for reasonable attorneys' fees and costs incurred in bringing this action; and

F. Grant Plaintiff any other relief as law and justice demand and to which he may appear entitled.

DATE: March 25, 2026

Respectfully submitted,

/s/ Guy Hamilton-Smith*
Law Office of Guy Hamilton-Smith, PLLC
1730 Rhode Island Ave NW, Suite 608
Washington, D.C. 20036
202.681.5157
guy@guyhamiltonsmith.com
D.C. Bar No.: 90011183
*Attorney for Plaintiff*

*\* Admitted Pro Hac Vice*

11

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Second Amended Verified Complaint was filed via this Court's CM/ECF system, which will cause notice of the same to be served on all parties to this action on this the 25th day of March, 2026.

/s/ Guy Hamilton-Smith